of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**Gege LACA, Dafina Laca, Petitioners,**

**v.**

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–4686–ag.

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

Gary J. Yerman, New York, NY, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Daniel Glenn Lonergan, Trial Attorney, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Gege Laca and Dafina Laca,[2] both natives and citizens of Albania, seek review of an October 5, 2007 order of the BIA affirming the September 1, 2005 decision of Immigration Judge ("IJ") Sandy K.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

2. Gege and Dafina Laca are a married couple. Because Gege Laca was the lead asylum applicant before the agency, we refer exclusively to him in this order.

Hom denying Gege Laca's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gege Laca et al.*, Nos. A79 310 345/346 (B.I.A. Oct. 5, 2007), *aff'g* Nos. A79 310 345/346 (Immig. Ct. N.Y. City Sept. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Laca is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nevertheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006). When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

We find that substantial evidence supports the agency's conclusion that, even assuming that Laca suffered past persecution, conditions in Albania have fundamentally changed such that he does not have a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1). We have held that when making a changed country conditions finding with respect to a country "that is the subject of an appreciable proportion of asylum claims," the agency "need not en-

ter specific findings premised on record evidence." *Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir.2006) (affirming the agency's finding that an applicant was ineligible for asylum or withholding of removal based on material political changes in Albania). Here, the IJ and BIA properly relied on background record evidence to find that the Democratic Party's return to power in Albania was a fundamental change sufficient to rebut any presumption of a well-founded fear of persecution. *See id.* Under these circumstances, the agency properly denied Laca's application for asylum, withholding of removal, and CAT relief. *See Hoxhallari*, 468 F.3d at 187; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.